# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-1057

_____

United States of America,

*Plaintiff - Appellee*,

v.

Anthony Unocic,

*Defendant - Appellant.*

------------------------------

University of Nebraska College of Law's First Amendment Clinic

*Amicus on Behalf of Appellant(s)*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 19, 2024
Filed: April 28, 2025

_____

Before COLLOTON, Chief Judge, BENTON and KELLY, Circuit Judges.

_____

COLLOTON, Chief Judge.

A jury convicted Anthony Unocic of one count of threatening to assault a federal officer under 18 U.S.C. § 115(a)(1)(B).  On appeal, Unocic argues that the district court[*] plainly erred when instructing the jury on the mental state required for the offense.  We affirm.

While incarcerated in a Nebraska detention center, Unocic told two fellow inmates that he wanted to kill a federal agent named Tubbs who had investigated Unocic.  The inmates took the threats seriously because Unocic bragged about a previous violent standoff with police, told the inmates he would use his training with explosives and knives, and spent eight minutes demonstrating stabbing techniques that he would use to murder the agent.  Unocic boasted that he would have no problem walking up to Agent Tubbs with a grenade and blowing up both of them.  The inmates, concerned that Agent Tubbs's life was at risk, reported Unocic's threats to federal agents.

A grand jury charged Unocic with one count of threatening to assault a federal officer in violation of 18 U.S.C. § 115(a)(1)(B) and (c)(1).  Section 115(a)(1)(B) provides:

> Whoever . . . threatens to assault, kidnap, or murder . . . a Federal law enforcement officer . . . with intent to retaliate against such . . . law enforcement officer on account of the performance of official duties, shall be punished as provided in subsection (b).

---

[*]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

Unocic pleaded not guilty, and the case proceeded to trial. The district court gave a jury instruction that specified four elements that the government must prove to establish that Unocic committed the charged offense:

> One, . . . Mr. Unocic made a threat to assault Agent Tubb;
> Two, Mr. Unocic either knew or intended that others would regard his communication as threatening violence, or recklessly disregarded a substantial risk that others could regard his communication as threatening violence;
> Three, at the time Unocic issued the threat, Agent Tubbs was a federal law enforcement officer; and
> Four, Mr. Unocic made the threat with intent to retaliate against Agent Tubbs on account of the performance of his official duties.

Regarding element two, the district court included the following definition: "A person 'recklessly disregards' a substantial risk within the meaning of this offense when he is aware of the risk, but consciously, deliberately, or carelessly ignores it and decides to act anyway."

The court's use of the term "carelessly" in the definition of "recklessly disregards" is the focus of this appeal. Unocic did not object to that term in the district court. He objected to the instruction on a different ground—that element two should have referred to "Agent Tubbs" rather than "others"—and the district court overruled the objection. A jury found Unocic guilty, and the district court sentenced him to thirty-three months' imprisonment.

On appeal, Unocic argues for the first time that the jury instruction's use of the word "carelessly" in defining "recklessly disregards" allowed the jury to convict him for speech that is protected by the First Amendment. When a defendant objects to a jury instruction in the district court, but on different grounds than he raises on appeal, we review for plain error. *United States v. Davis*, 901 F.3d 1030, 1034 (8th Cir. 2018). To show plain error, Unocic must establish that "(1) there is an error; (2) the

error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks omitted).

When evaluating a challenge to a jury instruction, we do not view each instruction or portion thereof in artificial isolation, but consider any disputed instruction in the context of the overall charge to the jury. *Boyde v. California*, 494 U.S. 370, 378 (1990). We then assess whether there is a reasonable likelihood that the jury instructions, taken as a whole, misled the jury to convict the defendant based on an incorrect standard. *Id.* at 380. On plain error review, therefore, Unocic must show that a reasonable likelihood of misleading the jury was "obvious." If that prong is satisfied, then he must show a reasonable probability that the error affected the outcome of the trial. *United States v. Haynie*, 8 F.4th 801, 805 (8th Cir. 2021).

Unocic relies on *Counterman v. Colorado*, 600 U.S. 66 (2023), where the Supreme Court held that in a prosecution for making true threats of violence, the First Amendment requires proof that the defendant acted with at least reckless disregard of the threatening nature of his statements. An objective "reasonable person" standard, without proof that the defendant had any kind of subjective intent to threaten, is insufficient. *Id.* at 78, 82. Unocic argues that the district court flouted this rule by instructing the jury that a defendant "recklessly disregards" a substantial risk when he is aware of the risk but "carelessly" ignores it and decides to act anyway. Unocic maintains that the instruction impermissibly allowed a conviction without a showing that he had a subjective understanding of the threatening nature of his statements.

The word "carelessly" is an awkward fit in a definition of "recklessly disregards." Standing alone, at least, the term carelessness connotes a different *mens*

-4-

*rea* than does recklessness. "Someone who acts recklessly with respect to conveying a threat . . . is not merely careless. He is aware that others could regard his statements as a threat, but he delivers them anyway." *Elonis v. United States*, 575 U.S. 723, 745-46 (2015) (Alito, J., concurring in part and dissenting in part). It appears that the district court included the term "carelessly" because it borrowed language from a model jury instruction for sex trafficking offenses.

Taking the jury instructions as a whole, however, we conclude that there is no obvious error. The instruction did not advise the jury that Unocic could be convicted merely for acting carelessly with respect to conveying a threat. The jury was required to find that Unocic "recklessly disregarded a substantial risk that others could regard his communication as threatening violence." The jury was further advised that a person "recklessly disregards" a substantial risk only if he is "aware of the risk" and "decides to act anyway." The word "carelessly" was included only with respect to the defendant's act of ignoring the risk—"consciously, deliberately, or carelessly ignores it." Because the instruction still required proof that the defendant (1) was aware of the substantial risk that others could regard his statements as a threat and (2) decided to act anyway, there is not a reasonable likelihood that the jury convicted Unocic for carelessly conveying a threat without a subjective understanding of the threatening nature of his statements.

The instruction further required the jury to find the defendant "made the threat with intent to retaliate against Agent Tubbs." With this additional requirement of a subjective mental state, it is even more unlikely that a jury would have focused on the word "carelessly" in isolation to conclude that it could convict Unocic for intending to retaliate against the federal agent by making a "careless" threat without a subjective understanding of the true threat. There is no obvious reasonable likelihood that the jury instructions, taken as a whole, misled the jury to convict Unocic based on an incorrect standard in violation of his rights under the First Amendment. There

is thus no plain error warranting relief.  *See United States v. Wilkins*, 25 F.4th 596, 601 (8th Cir. 2022).

      The judgment of the district court is affirmed.

_____